# United States Court of Appeals for the Fifth Circuit

No. 24-30621
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marvin Gipson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-123-1

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Marvin Gipson pled guilty, with a plea agreement, to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR) assigned Gipson a base offense level of 22, under U.S.S.G. § 2K2.1(a)(3), because he had a prior felony conviction for a crime of violence, a Louisiana conviction for armed robbery with a firearm. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court overruled Gipson's objection to the base offense level, adopted the PSR's factual findings, and sentenced Gipson to 85 months of imprisonment and three years of supervised release.

Gipson argues the district court erred in applying a base offense level of 22 under Section 2K2.1(a). That argument is a challenge to the procedural reasonableness of his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." *United States v. Leontaritis*, 977 F.3d 447, 452 (5th Cir. 2020) (internal quotation marks and citations omitted). One of the ways in which the Government can establish harmless error is by showing "that the district court considered both ranges . . . and explained that it would give the same sentence either way." *United States v. Alfaro*, 30 F.4th 514, 520 (5th Cir. 2022) (internal quotation marks and citation omitted). Contrary to Gipson's assertion, the Government has shown that the district court considered both potential ranges and that the district court would have given the same sentence considering the 18 U.S.C. § 3553(a) factors regardless of which range was found to be correct under the Guidelines.

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022), the Supreme Court articulated the test for assessing the constitutionality of a statute under the Second Amendment. Gipson's facial challenge to Section 922(g)(1) under *Bruen* is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625).

AFFIRMED.